# Duane Morris®

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

EVANGELOS MICHAILIDIS
DIRECT DIAL: +1 212 471 1864
PERSONAL FAX: +1 212 214 0650
*E-MAIL:* emichailidis@duanemorris.com

*www.duanemorris.com*

April 14, 2014

**BY ECF**

Hon. Margo K. Brodie
United States District Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201 (N626)

>      **Re:**   **Kim v. Nevada Diner, Inc., et al. (14-CV-1484)(MKB)(RLM)**

Dear Judge Brodie:

      We represent the Defendants Nevada Diner, Inc. d/b/a Fabulous Nevada Diner ("Nevada Diner"), Diskal, Inc. d/b/a Georgia Diner ("Georgia Diner") and Dimitrios Kaloidis (collectively, "Defendants") in the above referenced matter and we submit this letter pursuant to Your Honor's Individual Rule of Practice 3(A) to request a pre-motion conference.  Defendant Georgia Diner intends to move to dismiss the Complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim.  Mr. Kim's claims against the Georgia Diner, and the "John Doe" corporations for that matter, are supported by nothing more than conclusory and unsubstantiated allegations.  It is well-established that such allegations are insufficient to sustain viable claims.

## NATURE OF THE CASE

      The Complaint in this case is the type of garden variety wage and hour class action pleading that has become so common in our courts today.  It alleges claims to recover unpaid minimum wages and overtime under the FLSA and the NYLL, unpaid spread of hours under the NYLL, uniform violations, and for failure to provide proper wage notices and wage statements pursuant to the NYLL.  Mr. Kim seeks to certify an FLSA collective class and a Rule 23 class consisting of waiters, cooks, dishwashers and bussers who worked at the Nevada Diner and the Georgia Diner, as well as several other John Doe corporations allegedly owned by Mr. Kaloidis.

Hon. Margo K. Brodie
April 14, 2014
Page 2

**DuaneMorris**

## PLAINTIFF FAILS TO STATE A CLAIM AGAINST
## GEORGIA DINER AND JOHN DOE CORPORATIONS

Mr. Kim worked at the Nevada Diner for 6 weeks. Complaint, ¶¶1, 34. He never worked at the Georgia Diner or any other diner owned by Mr. Kaloidis and has no personal knowledge about the pay policies or procedures at these corporations. Consequently, his allegations against Georgia Diner and the John Doe corporations are speculative and should be dismissed.

Mr. Kim relies on the legal concept that all of the Defendants constitute a "single employer." To demonstrate that multiple defendants make up a single employer, a plaintiff must demonstrate (1) an interrelation of operations; (2) a centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Perez v. Westchester Foreign Autos, Inc.*, 2013 U.S. Dist. LEXIS 35808, 2013 WL 749497 (S.D.N.Y. Feb. 28, 2013). These allegations, however, must be substantiated and may not be conclusory. *See Diaz v. Consortium for Worker Educ., Inc.*, 2010 U.S. Dist LEXIS 7722 at * 10-11 (conclusory allegations that defendant "supervised and controlled" the other defendants and their employees by controlling the method, rate, and time of payment of salaries were insufficient to survive motion to dismiss).

Here, Mr. Kim's allegations against the Georgia Diner and the John Doe corporations are almost entirely "*upon information and belief*" with no factual basis alleged for his beliefs. *See* Complaint, ¶¶ 10-11, 26, 28. The remaining allegations Mr. Kim makes against these corporations are mere recitations of the elements of single employership. *See id.* at ¶¶11, 12, 24, 25. Without more, these allegations are insufficient as a matter of law and should be dismissed. *See Williams v. Calderoni*, No. 11 Civ. 3020 (CM), 2012 U.S. Dist. LEXIS 28723, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (finding pleadings based upon information and belief insufficient where plaintiff points to no information that would render his statements anything more than speculative claims or conclusory assertions); *see also Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing a complaint after finding that "mere boilerplate allegations . . . stated solely upon information and belief and without any supporting details - essentially 'a formulaic recitation of the elements of a cause of action' - are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to . . . liability as an employer under the FLSA").

## CONCLUSION

Mr. Kim signed his consent to sue form on August 9, 2013, approximately 7 months *prior* to the commencement of this action. In the 7 months Mr. Kim's counsel waited to file this action, they were unable to find any employees from the Georgia Diner or the so-called John Doe corporations to join the suit. As a result, they filed this suit alleging speculative claims against the Georgia Diner and the John Doe corporations. Mr. Kim's claims should be limited to the restaurant he worked at and has personal knowledge about - the Nevada Diner.

DuaneMorris

Hon. Margo K. Brodie
April 14, 2014
Page 3

Sincerely,

Evangelos Michailidis

cc:     *All counsel via ECF*

DUANEMORRIS

Hon. Margo K. Brodie
April 14, 2014
Page 4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of April, 2014, the foregoing was

electronically filed with the Clerk of the Court using CM/ECF which will send a notice of

electronic filing to all counsel registered to receive notice of filings in this matter.

*s/ Evangelos Michailidis*
Evangelos Michailidis