UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW KIM, Individually and on Behalf of All Others Similarly Situated, ,<br><br>                Plaintiff,<br><br>                v.<br><br>NEVADA DINER, INC. d/b/a FABULOUS NEVADA DINER, DISKAL, INC. d/b/a GEORGIA DINER, DIMITRIOS KALOIDIS, and JOHN DOE CORPS #1-10, Jointly and Severally,<br><br>                Defendants. | CIVIL ACTION NO.<br>14-CV-1484 (MKB)<br><br>**DEFENDANT NEVADA DINER, INC.'S (d/b/a FABULOUS NEVADA DINER) ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant Nevada Diner (d/b/a Fabulous Nevada Diner) ("Nevada Diner" or "Defendant"), for itself and on behalf of no other defendant[1], by and through its attorneys of record, Duane Morris LLP, answers the Complaint of Andrew Kim ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.    Admits the allegations in Paragraph 1 of the Complaint. As to the remaining assertions set forth in Paragraph 1 of the Complaint, no response is required. To the extent a response is necessary, Defendant admits that Plaintiff purports to proceed as set forth therein and Defendant denies any and all liability.

---

[1] The responses provided herein apply only to Defendant Nevada Diner. Georgia Diner is moving to dismiss the Complaint. Defendant Dimitrios Kaloidis is filing his own Answer. The Nevada Diner lacks knowledge or information sufficient to respond to any allegations against so-called "John Doe" corporations. Nevada Diner incorporates this express statement into each response as if fully stated therein.

## JURISDICTION AND VENUE

2.      No response is required to the allegations set forth in Paragraph 2 of the Complaint as they set forth a legal conclusion.

3.      No response is required to the allegations set forth in Paragraph 3 of the Complaint as they set forth a legal conclusion.

4.      No response is required to the allegations set forth in Paragraph 4 of the Complaint as they set forth a legal conclusion.  Notwithstanding, Defendant admits that this Court has the power to issue declaratory judgments.

## THE PARTIES

**Plaintiff:**

5.      Lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 5 of the Complaint.

6.      Admits the allegations in Paragraph 6 of the Complaint only to the extent Plaintiff is alleging that he was formerly employed by Defendant.  Otherwise, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Admits the allegations in Paragraph 7 of the Complaint.

**Defendants:**

8.      Admits the allegations in Paragraph 8 of the Complaint.

9.      Admits the allegation in Paragraph 9 of the Complaint.

10. Lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 10 of the Complaint.[2]

11. Admits that Kaloidis is an owner and operator of the Nevada Diner but denies that Kaloidis set any of the policies complained about in the Complaint and denies the remaining allegations against Nevada Diner that are set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegation that Kaloidis participated in the day-to-day operations. As to the remaining allegations, no response is required as they set forth legal conclusions. To the extent a response is required, Defendant denies the remaining allegations against the Nevada Diner set forth in Paragraph 12 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. No response is required to the assertions set forth in Paragraph 13 of the Complaint. To the extent a response is necessary, Defendant admits that Plaintiff purports to proceed as set forth therein and Defendant denies any and all liability.

14. No response is required to the allegations set forth in Paragraph 14 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations as to the Nevada Diner.

## RULE 23 CLASS ALLEGATIONS

15. No response is required to the assertions set forth in Paragraph 15 of the Complaint. To the extent a response is necessary, Defendant admits that Plaintiff purports to proceed as set forth therein and Defendant denies any and all liability.

---

[2] Plaintiff's improperly group plead all Defendants and define them as "Corporate Defendants" or "Kaloidis Diner Enterprise". Each of the corporate defendants is a separate and distinct corporation. As stated in footnote 1, the responses herein apply only to Defendant Nevada Diner. Defendant Nevada Diner incorporates this express statement into each response as if fully stated therein.

16. No response is required because the allegations in Paragraph 16 set forth legal conclusions. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 16.

17. No response is required because the allegations in Paragraph 17 set forth legal conclusions. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 17.

18. Defendant denies the allegations set forth in Paragraph 18.

19. No response is required because the allegations in Paragraph 19 set forth legal conclusions. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 19.

20. No response is required because the allegations in Paragraph 20 set forth legal conclusions. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 20.

21. No response is required because the allegations in Paragraph 21 and 21(a)-(m) set forth legal conclusions. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 21 and 21(a)-(m).

22. No response is required because the allegations in Paragraph 22 set forth legal conclusions. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 22.

## STATEMENT OF FACTS

23. Admits that the Nevada Diner is in the food service business and is located at 80-26 Queens Boulevard, Elmhurst, New York 11373. Denies that the Nevada Diner owns, operates or manages any of the other diners described in Paragraph 23 of the Complaint.

24. Denies the allegations in Paragraph 24 of the Complaint.

25. Denies the allegations in Paragraph 25 of the Complaint.

26. Denies the allegations in Paragraph 26 of the Complaint.

27. Denies the allegation set forth in the first sentence of Paragraph 27. Lacks knowledge or information sufficient to respond to the remaining allegations in Paragraph 27 of the Complaint.

28. Denies the allegation in Paragraph 28 of the Complaint.

29. Admits the allegations in Paragraph 29 of the Complaint regarding Nevada Diner's hours of operation.

30. No response is required to the allegations in Paragraph 30 of the Complaint as they set forth legal conclusions. To the extent a response is required, denies the allegations in Paragraph 30 of the Complaint as to Nevada Diner.

31. No response is required to the allegations in Paragraph 31 of the Complaint as they set forth legal conclusions. To the extent a response is required, denies the allegations in Paragraph 31 of the Complaint, except admits that Plaintiff worked as a server at the Nevada Diner only and lacks knowledge or information as to other Collective Action members.

32. No response is required to the allegations in Paragraph 32 of the Complaint as they set forth legal conclusions. To the extent a response is required, denies the allegations in Paragraph 32 of the Complaint, except admits that Plaintiff worked as a server at the Nevada Diner and lacks knowledge or information as to other Collective Action members.

33. Admits the allegations in Paragraph 33 of the Complaint.

34. Admits the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations in Paragraph 35 of the Complaint.

DM2\4872865.1

36. Admits the allegations set forth in the first sentence of Paragraph 36 of the Complaint but denies the remaining allegations as to the Nevada Diner.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in the first sentence of Paragraph 39 of the Complaint. Lacks knowledge or information sufficient to respond to the remaining allegations set forth in Paragraph 39 of the Complaint.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

41. Lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint, except admits that Plaintiff's employment ended around that time.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies the allegations in Paragraph 45 of the Complaint.

46. Lacks knowledge or information sufficient to respond to the first sentence in Paragraph 46 of the Complaint. Denies the remaining allegations in Paragraph 46 of the Complaint.

47. Lacks knowledge or information sufficient to respond to the first sentence in Paragraph 47 of the Complaint. Denies the remaining allegations in Paragraph 47 of the Complaint.

48. Denies the allegations in Paragraph 48 of the Complaint.

49. Denies the allegations in Paragraph 49 of the Complaint.

50. Denies the allegations in Paragraph 50 of the Complaint, except admits that Plaintiff worked at the Nevada Diner only.

51. Denies that "little skill" is required to perform Plaintiff's job; lacks knowledge or information sufficient to respond to the remaining allegations set forth in Paragraph 51 of the Complaint.

52. Denies that "little skill" is required to perform Plaintiff's job and lacks knowledge or information sufficient to respond to the remaining allegations set forth in Paragraph 52 of the Complaint.

53. Lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 53 of the Complaint.

## FIRST CAUSE OF ACTION

54. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

55. No response is required to the allegations set forth in Paragraph 55 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. No response is required to the allegations set forth in Paragraph 56 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. No response is required to the allegations set forth in Paragraph 57 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

## SECOND CAUSE OF ACTION

58. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

59. No response is required to the allegations set forth in Paragraph 59 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. No response is required to the allegations set forth in Paragraph 60 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. No response is required to the allegations set forth in Paragraph 61 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

## THIRD CAUSE OF ACTION

62. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

63. No response is required to the allegations set forth in Paragraph 63 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. No response is required to the allegations set forth in Paragraph 64 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

## FOURTH CAUSE OF ACTION

65. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

66. No response is required to the allegations set forth in Paragraph 66 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. No response is required to the allegations set forth in Paragraph 67 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

## FIFTH CAUSE OF ACTION

68. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

69. No response is required to the allegations set forth in Paragraph 69 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. No response is required to the allegations set forth in Paragraph 70 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

## SIXTH CAUSE OF ACTION

71. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

72. No response is required to the allegations set forth in Paragraph 72 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

73. No response is required to the allegations set forth in Paragraph 73 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

## SEVENTH CAUSE OF ACTION

74. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

75. No response is required to the allegations set forth in Paragraph 75 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. No response is required to the allegations set forth in Paragraph 76 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

## EIGHTH CAUSE OF ACTION

77. Defendant incorporates by reference its responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth herein.

78. No response is required to the allegations set forth in Paragraph 78 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79. No response is required to the allegations set forth in Paragraph 79 of the Complaint as they set forth legal conclusions. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

80. Defendant denies that Plaintiff, and the purported class he seeks to represent, is entitled to any damages or relief sought in the WHEREFORE clause and subsections (a) through (n) of the Complaint or to any other relief.

81. Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's purposed First through Fourth Cause of Action are barred as to certain purported class or collective members because they are properly classified as exempt employees under federal and state law.

**FOURTH DEFENSE**

To the extent that Plaintiff and/or the purported class or collective members were paid compensation beyond that to which they were entitled while employed, such additional compensation satisfies in whole or in part any alleged claim for unpaid wages or other relief sought, and/or the equitable doctrines of set off or recoupment apply to offset alleged wages owed.

**FIFTH DEFENSE**

Some or all of the disputed time and/or wages for which Plaintiff and/or the purported class or collective members seek recovery is not compensable or recoverable pursuant to the doctrine of *de minimis non curat lex,* and/or is not compensable or recoverable due to the preliminary or postliminary nature of the activities, and/or is not compensable or recoverable because a corporate Defendant has paid all wages legally due (after tip credits, tip sharing or pools, and/or other statutory credits, if applicable).

**SIXTH DEFENSE**

Defendant Nevada Diner is not Plaintiff's or the purported class or collective members' employer within the meaning of the FLSA or New York Labor Law.

**SEVENTH DEFENSE**

Although Defendant denies he owes any unpaid wages, if it is determined that wages are owed, a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

**EIGHTH DEFENSE**

At all times Defendant acted in good faith and had reasonable grounds for believing that his acts and/or the payroll practices of corporate Defendant were in compliance with the law.

## NINTH DEFENSE

This action is barred, in whole or in part, as to all hours allegedly worked by Plaintiff and/or the purported class or collective members that were not reported in accordance with applicable policies or procedures, and/or that were allegedly worked without Defendant's actual or constructive knowledge.

## TENTH DEFENSE

This action is barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, and/or laches.

## ELEVENTH DEFENSE

Defendant has met and satisfied any and all obligations to Plaintiff and/or the purported class or collective members that arose out of and during their employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

The action is barred, in whole or in part, because Plaintiff and/or the purported class or collective members did not perform his respective duties and/or failed to perform those duties which Defendant realistically expected him to perform.

## THIRTEENTH DEFENSE

The types of claims alleged by Plaintiff on behalf of himself and/or the purported class members are matters in which individual questions predominate and thus are not appropriate for class treatment.

## FOURTEENTH DEFENSE

Plaintiff lacks standing to assert the legal rights or interests of others.

## FIFTEENTH DEFENSE

The purported class members are not so numerous that joinder is impracticable.

## SIXTEENTH DEFENSE

The claims and/or damages alleged by Plaintiff are neither common to nor typical of those, if any, of the purported class members.

## SEVENTEENTH DEFENSE

Certain of the interests of Plaintiff and/or the purported class members are in conflict with the interests of other purported class members.

## EIGHTEENTH DEFENSE

Class treatment of some or all of the claims alleged in the Complaint are not superior to other available methods of adjudicating the controversy.

## NINETEENTH DEFENSE

The action cannot proceed as a purported class or collective action because difficulties likely to be encountered render the action unmanageable.

## TWENTIETH DEFENSE

The purported FLSA group cannot proceed collectively under Section 216(b) because Plaintiff is not similarly situated to other potential members of the alleged putative group and thus Plaintiff is an inadequate representative.

## TWENTY-FIRST DEFENSE

Certain of the interests of the alleged putative FLSA collective group Plaintiff purports to represent are in conflict with the interests of the Plaintiff.

## TWENTY-SECOND DEFENSE

The action is barred to the extent Plaintiff and/or purported class or collective members have released, waived, and/or discharged Defendant from any actionable claims.

## ADDITIONAL RESPONSE

Defendant currently has insufficient information upon which to form a belief as to whether Defendant may have additional, as yet unstated, defenses beyond those listed above. Defendant therefore reserves the right to assert additional defenses as appropriate.


Dated: April 14, 2014
       New York, New York

                                             **DUANE MORRIS LLP**

                                             By: */s/Evangelos Michailidis*
                                             Michael Tiliakos
                                             Evangelos Michailidis
                                             Eric Ruden
                                             1540 Broadway
                                             New York, NY 10036
                                             Phone: (212) 692-1000
                                             Fax: (212) 214-0650

                                             *Attorneys for Defendant Nevada Diner*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of April, 2014, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all counsel registered to receive notice of filings in this matter.

                                          *s/ Evangelos Michailidis*
                                          Evangelos Michailidis