# PELTON & ASSOCIATES PC

ATTORNEYS AT LAW

111 BROADWAY, SUITE 1503, NEW YORK, NY 10006
PHONE: (212) 385-9700 | FAX: (212) 385-0800 | WEBSITE: www.peltonlaw.com

**BRENT E. PELTON**
E-MAIL: pelton@peltonlaw.com

April 17, 2014

**VIA ECF**

Honorable Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N 626
Brooklyn, New York 11201

      Re:   *Kim v. Nevada Diner, Inc., et al.*
              Civil Action No. 14-cv-1484 (MKB) (RLM)

Dear Judge Brodie:

        This office represents plaintiff Andrew Kim ("Kim" or "Plaintiff") in the above-referenced action. We write in response to the pre-motion letter dated April 14, 2014 submitted by Defendants Nevada Diner, Inc. d/b/a Fabulous Nevada Diner ("Nevada Diner"), Diskal, Inc. d/b/a Georgia Diner ("Georgia Diner") and Dimitrios Kaloidis ("Kaloidis" and collectively with Nevada Diner and Georgia Diner, the "Defendants") requesting a pre-motion conference to permit Georgia Diner to file a Rule 12(b)(6) motion to dismiss. As set forth below, Plaintiff has sufficiently pled that Defendants constitute a single employer under the Fair Labor Standards Act and supporting regulations. The level of pleading that Defendants appear to demand from Plaintiff is simply not required.

**Facts of the Case**

        Andrew Kim worked as a server at Nevada Diner for approximately six (6) weeks. Compl. (dkt. 1) ¶ 34. During that time, he typically worked between sixty (60) and eighty (80) hours per week but was paid at straight time rates, and usually much less, for hours worked in excess of forty (40) per week. Compl. ¶¶ 35, 37, 39, 41. Defendants engaged in additional FLSA and NYLL violations during Kim's employment, including failing to pay spread of hours premiums when Kim worked more than ten (10) hours in a day, Compl. ¶ 40, requiring Kim to pay uniform expenses without reimbursement, Compl. ¶ 44, and failing to provide proper wage notices and wage statements. Compl. ¶ 38, 48. As suggested by Defendants, such claims are all too common when employers violate federal and state law in an attempt to avoid their legal obligations to pay employees fairly.

        During his employment at Nevada Diner, Plaintiff became aware that the owner of Nevada Diner, Defendant Kaloidis, owned, operated and managed several other diners throughout New York City. As described in Plaintiff's Complaint and discussed below, Plaintiff

learned that Defendant Kaloidis operates his diners, Nevada Diner and Georgia Diner in particular, according to the same policies and practices, that the operations of the two diners are closely linked, and that Kaloidis actively participates in the management of the diners such that Nevada Diner, Kaloidis and Georgia Diner constitute a single employer.[1]

### **Plaintiff Has Adequately Stated a Claim Against Georgia Diner**

As set forth by Defendants, the factors that a court analyzes in determining whether various entities constitute a "single employer" are (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Perez v. Westchester Foreign Autos, Inc.*, 11-cv-6091, 2013 U.S. Dist. LEXIS 35808, at *20 (S.D.N.Y. Feb. 28, 2013). When these factors are present, "two nominally separate entities [that] are actually part of a single integrated enterprise" are considered to be a "single employer." *Id.* (citing *Clinton's Ditch Coop. Co. v. NLRB*, 778 F.2d 132, 137 (2d Cir. 1985)). Such situations arise in the context of, *inter alia*, "separate corporations under common ownership and management." *Perez*, 2013 U.S. Dist. LEXIS 35808 at *19-20.

In his Answer, Defendant Kaloidis admits that he is an owner and operator of both diners, as alleged by Plaintiff. Kaloidis Ans. (dkt. 14) ¶ 11; Compl. ¶ 11. Plaintiff alleges that Defendant Kaloidis maintains close control over the diners by determining Defendants' policies as to payroll and other operations of the diners, participating in the day-to-day operations of both diners and engaging in frequent contact with managers of both diners. Compl. ¶¶ 11, 12, 28. The operations of the two diners are interrelated particularly as to employees and payroll. Specifically, employees are interchangeable between the diners such that when Nevada Diner was re-opened in May 2013, employees from Georgia Diner were transferred to Nevada Diner and were paid in the same manner at both locations. Compl. ¶¶ 26, 27, 39. A single employee handles payroll for both diners from her office at Georgia Diner, which Plaintiff visited during his employment in order to discuss his pay. Compl. ¶ 27.

Furthermore, "on a motion to dismiss, the relevant inquiry is whether a defendant has been put 'on notice of the theory of employer liability.'" *Perez*, 2013 U.S. Dist. LEXIS 35808, at *20-21 (quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 84 (E.D.N.Y. 2011)). As the Court concluded in *Perez*, Plaintiff has not simply stated that Georgia Diner, Nevada Diner and Kaloidis are a single employer or "offer[ed] only a rote recital of recognized factors." *Id.* (quoting *Flemming v. REM Conn. Cmty. Servs, Inc.*, 11-cv-689, 2012 U.S. Dist. LEXIS 180678, at *3 (D.Conn. Dec. 21, 2012). To the contrary, Plaintiff has set forth specific facts within his knowledge as well as allegations based on his experience as an employee of Nevada Diner and in doing so has "demonstrated that there are issues of fact regarding whether Defendants operate as a single employer." *Lamb v. Singh Hospitality Grp, Inc.*, 11-cv-6060, 2013 U.S. Dist. LEXIS 141429, at *13-14 (E.D.N.Y. 2013).

---

[1] Since discovery has not yet commenced, Plaintiff lacks information as to the John Doe Corporations that constitute the other diners owned by Defendant Kaloidis. Based on the factors discussed above and Kaloidis's ownership of the additional diners, Plaintiff believes that discovery will show that the other diners should be included in the Kaloidis Diner Enterprise.

Honorable Margo K. Brodie, U.S.D.J.
April 17, 2014
Page **3** of **4**

  At the pleadings stage of the litigation, it is reasonable for Plaintiff to plead allegations upon information and belief when "they are 'accompanied by a statement of the facts upon which the belief is founded.'" *Perez*, 2013 U.S. Dist. LEXIS 35808, at *22 (quoting *Navarra v. Marlborough Gallery, Inc.*, 820 F.Supp.2d 477, 485 (S.D.N.Y. 2011)). Particularly as to the extent of the corporate relationships among Defendants, such pleadings are necessarily made on the basis of information and belief where the relevant information is within Defendants' control. *See Lindner v. Int'l Bus. Mach. Corp.*, 06-cv-4751, 2008 U.S. Dist. LEXIS 47599, at *16-18 (S.D.N.Y. June 18, 2008) ("The Court rejects defendant's argument that, because plaintiff's allegations . . . are made solely on 'information and belief,' plaintiff has failed to sufficiently allege [] conduct in support of such claims. The Second Circuit has recently affirmed the validity, at least in certain contexts, of allegations made 'upon information and belief'") (quoting *Boykin v. KeyCorp*, 521 F. 3d 202, 215 (2d Cir. 2008), "[where the allegations at issue concerned] information particularly within [the defendant's] knowledge and control[, p]leading on the basis of information and belief is generally appropriate.").

  Finally, Defendants' citation to *Diaz v. Consortium for Worker Educ., Inc.*, 10-cv-1848, 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. Sept. 28, 2010) is inapposite. Plaintiff alleges a significantly closer corporate relationship among Defendants than alleged in *Diaz*, where the alleged joint employer had merely contracted with Plaintiff's employer to administer a specific program. For this reason, the Court in *Diaz* found that, "accepting all of Plaintiffs' allegations as true, the extent of involvement and operational control… were minimal." *Diaz*, at *10. In contrast, Plaintiff has alleged interrelation of operations, uniform payroll practices, close control by Kaloidis and common ownership of all the diners that, if borne out by discovery, more than suffice to create a single employer enterprise.

**<u>Conclusion</u>**

  Having pled with specificity Defendant Kaloidis' ownership of both Nevada Diner and Georgia Diner, Kaloidis's close control over operations and policies of both diners and the interrelation of operations including employment and payroll practices, Plaintiff has adequately pled the four (4) factors of the "single employer" test. *See*, *e.g.*, *Lamb*, 2013 U.S. Dist. LEXIS 141429, at *12 (single employer found where entities were owned and controlled by same individual, corporations calculated employee pay in the same manner and corporations shared human resources department, Plaintiffs' co-workers alleged common pay practices at other locations). Defendants' request for permission to file a 12(b)(6) motion to dismiss on this basis should therefore be denied.

  Should you require any additional information or have any questions regarding this submission, please feel free to contact the undersigned.

          Respectfully submitted,

          */s/ Brent E. Pelton*

          Brent E. Pelton, Esq. of
          PELTON & ASSOCIATES PC

Honorable Margo K. Brodie, U.S.D.J.
April 17, 2014
Page **4** of **4**

cc: All counsel of record (via ECF)